# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KWANG I. LEE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | CIVIL ACTION |
| ) | |
| **CITY OF LEAWOOD, KANSAS and** ) | No. 08-2242-KHV |
| **ORION MANAGEMENT SOLUTIONS, INC.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Kwang Lee brings this diversity suit against the City of Leawood, Kansas and Orion Management Solutions, Inc. Under Kansas common law, plaintiff alleges that defendants' negligence in operating the Ironhorse Golf Club caused severe injuries to his left eye. This matter comes before the Court on Defendant City of Leawood's Motion to Dismiss (Doc. # 14) filed February 17, 2009. The City asserts that the statute of limitations bars plaintiff's claims. For reasons set forth below, the Court finds that defendant's motion should be overruled.

## Legal Standards

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well pleaded facts in the complaint and views them in a light most favorable to plaintiff. See Zinermon v. Burch, 494 U.S. 113, 118 (1990); Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984). Rule 12(b)(6) does not require detailed factual allegations, but the complaint must set forth the grounds for plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. See Bell Atl. Corp. v. Twombly, 550 U.S. 554, 127 S. Ct. 1955, 1964-65 (2007). In other words,

plaintiff must allege facts sufficient to state a claim which is plausible – rather than merely conceivable – on its face.  See id.  Plaintiff bears the burden to frame a "complaint with enough factual matter (taken as true) to suggest" that he is entitled to relief.  Id. at 1965.  The Court makes all reasonable inferences in favor of plaintiff.  See Zinermon, 494 U.S. at 118; see also Rule 8(a), Fed. R. Civ. P.; Lafoy v. HMO Colo., 988 F.2d 97, 98 (10th Cir. 1993).  The Court, however, need not accept as true those allegations which state only legal conclusions.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Because this is a diversity action, the Court applies Kansas choice of law rules.  See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941).  Kansas applies its own statutes of limitations.  See Brauer v. Republic Steel Corp., 460 F.2d 801, 803 (10th Cir. 1972) (under Kansas law, law of forum governs application of statutes of limitation unless exception provided); F.J. Joseph, Inc. v. Lida Adver., Inc., 2 F. Supp.2d 1425, 1427 n.3 (D. Kan. 1998) (under Kansas law, law of forum state determines applicable statute of limitations).

When the face of the complaint shows that plaintiff filed the action beyond the applicable statute of limitations, plaintiff must allege facts sufficient to show that the limitations period should be tolled.  See Aldrich v. McCulloch Props., Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980); S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 425 (3d Cir. 1999); LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509-10 (1st Cir. 1998); LRL Props. v. Portage Metro Hous. Auth., 55 F.3d 1097, 1107 (6th Cir. 1995).

**Factual Background**

On May 23, 2008, plaintiff filed a complaint against Orion, alleging that on June 3, 2006, a golf ball struck him at Ironhorse Golf Club.  Orion had control of the Ironhorse Golf Club and was

responsible for maintenance and upkeep of the property. Plaintiff alleges that Orion negligently failed to ensure that the driving range was free of hazardous obstacles, and that its negligence caused a total loss of his left eye and progressive blindness of his right eye. Plaintiff seeks the following damages: medical expenses, future medical expenses and damages for permanent injuries, pain, suffering, inconvenience, physical impairment and loss of capacity to enjoy life.

On May 21, 2008, plaintiff submitted a notice of claim to the City pursuant to K.S.A. § 12-105b. On September 18, 2008, the claim was deemed denied because the City did not respond within the 120 days allotted under K.S.A. § 12-105b. On November 14, 2008, plaintiff filed <u>Plaintiff's Motion For Leave to File First Amended Complaint and Suggestions in Support</u> (Doc. # 9), seeking to add the City as a defendant. On December 10, 2008, the Court granted plaintiff's motion. The Court ordered plaintiff to file and serve the amended complaint within 10 days, or by December 20, 2008. On December 29, 2008, plaintiff filed the amended complaint. On January 20, 2009, plaintiff sent the City a waiver of service of summons.

## Analysis

**I.     Application Of Kansas Statute of Limitations Law**

   A.     <u>Limitations Period</u>

Plaintiff's cause of action is governed by K.S.A. § 60-513,[1] which provides a two-year statute of limitations for negligence claims. The accident occurred on June 3, 2006, so

---

[1] K.S.A. § 60-513(a) provides as follows:

> The following actions shall be brought within two years:
>
> * * *
>
> (4) An action for injury to the rights of another, not arising on contract, and not herein enumerated.

-3-

ordinarily the statute of limitations would have expired two years from this date. Because plaintiff is suing a municipality, however, the Kansas Notice of Claim Statute applies. K.S.A. § 12-105b.[2] Section 12-105b provides that before commencing an action against a municipality, plaintiff must first file a notice of claim with the municipality. Here, plaintiff filed a notice of claim with the City on May 21, 2008. Under Section 12-105b, because the City did not respond within 120 days, the complaint was deemed denied on September 18, 2008. Section 12-105b provides a 90-day tolling period during which claimant can commence the action after the claim is denied (or deemed denied). Therefore, under Section 12-105(b), the statute of limitations was tolled for 90 days from September 18, until December 16, 2008.

> B. Date Amended Complaint Deemed Filed

The City argues that the Court should dismiss plaintiff's claims because plaintiff filed his complaint on December 29, 2008, after the statute of limitations expired on December 16, 2008. Plaintiff responds that the statute of limitations did not bar his claim because the amended complaint

---

[2] K.S.A. § 12-105b(d) provides in relevant part as follows:

> Any person having a claim against a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action. . . . Once notice of the claim is filed, no action shall be commenced until after the claimant has received notice from the municipality that it has denied the claim or until after 120 days has passed following the filing of the notice of claim, whichever occurs first. No person may initiate an action against a municipality unless the claim has been denied in whole or part. Any action brought pursuant to the Kansas tort claims act shall be commenced within the time period provided for in the code of civil procedure or it shall be forever barred, except that, a claimant shall have no less than 90 days from the date the claim is denied or deemed denied in which to commence an action.

was deemed filed on November 14, 2008, when he filed his motion for leave to amend the complaint. In reply, defendant argues that even if the amended complaint was deemed filed on November 14, plaintiff did not serve the City within 10 days of the Court's order granting leave to amend.

Plaintiff correctly notes that an amended complaint is deemed filed on the date plaintiff seeks leave to amend. See Wallace v. Sherwin Williams Co., Inc., 720 F. Supp. 158, 159 (D. Kan. 1988); Farm Credit Bank of Wichita v. FCB Ltd. P'ship, 825 F. Supp. 932, 935 (D. Kan. 1993) (for purposes of statute of limitations, amended complaint that adds new parties to diversity action deemed filed on date motion to amend filed, not date that plaintiff actually files complaint after receiving leave of court); Ramirez v. City of Wichita, Kan., No. 92-1437, 1994 WL 114295, at *2 (D. Kan. March 24, 1994) (if motion to amend granted, suit deemed filed on date motion filed, not date amended complaint filed). The Court therefore deems the complaint filed on November 14, 2008, before the statute of limitations expired on December 16, 2008.

Under K.S.A. § 60-203(a),[3] if plaintiff served the City within 90 days of the date when he filed his amended complaint, the action would be commenced within the limitations period. Because the effective date of filing the amended complaint was November 14, 2008, plaintiff had until February 12, 2009 (90 days) to serve defendant. Service of process on January 20, 2009 fell

---

[3] K.S.A. § 60-203(a) provides in relevant part as follows:

> (a) A civil action is commenced at the time of: (1) Filing a petition with the clerk of the court, if service of process is obtained or the first publication is made for service by publication within 90 days after the petition is filed, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff; or (2) service of process or first publication, if service of process or first publication is not made within the time specified by provision (1).

within the 90-day limit and the action was deemed commenced on November 14, 2008, when plaintiff filed the amended complaint. Under Kansas law, plaintiff commenced his action within the statute of limitations period. See K.S.A. § 60-203(a).

## II.     Effect Of Failure To File By Date Court Ordered

The City replies that even if the amended complaint is deemed filed on November 14, 2008, plaintiff did not comply with the Court's order to actually file it within 10 days (by December 20, 2008). The City argues that plaintiff's claims should therefore be dismissed.

Plaintiff has not explained why he did not file and serve the amended complaint within the time frame ordered by the Court. Plaintiff should have filed a motion for leave to file the amended complaint out of time. D. Kan. Rule 6.1(a) provides that extensions of time "will not be granted unless the motion is made before the expiration of the specified time, except upon a showing of excusable neglect." D. Kan. Rule 6.1(a); see also Fed. R. Civ. P. 6(b). To determine whether the movant has demonstrated excusable neglect, the Court considers all relevant circumstances surrounding the party's omission, including (1) the danger of prejudice; (2) the reasons for the delay including whether it was within the reasonable control of the movant; (3) the length of delay and its potential impact on judicial proceedings; and (4) whether the party acted in good faith. ICE Corp. v. Hamilton Sundstrand Corp., No. 05-4135, 2007 WL 1732369, at * 1 (D. Kan. June 11, 2007) (citing Bishop v. Corsentino, 371 F.3d 1203, 1206-07 (10th Cir. 2004)) (whether movant has demonstrated excusable neglect rests upon principles of equity).

Defendant does not assert prejudice on account of plaintiff's belated filing of the amended complaint. The nine-day delay in filing the amended complaint had no material impact on the proceedings. Defendant does not argue that plaintiff acted in bad faith or that he engaged in abusive

litigation tactics.  See Becerra v. United Gov't of Wyandotte County/ Kansas City, Kan., 272 F. Supp.2d 1223, 1227 (D. Kan. 2003); Durham v. Xerox Corp., 18 F.3d 836, 840 (10th Cir. 1994).

Although plaintiff should have filed the amended complaint within the time set by the Court, his suit should not be dismissed on such narrow grounds given that the complaint was deemed filed within the statute of limitations.  Koch v. Koch Indus., 127 F.R.D. 206, 209 (D. Kan. 1989) (in exercising its discretion, Court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities.").  The Court therefore allows plaintiff to file his amended complaint out of time on December 29, 2008.

**IT IS THEREFORE ORDERED** that Defendant City of Leawood's Motion To Dismiss (Doc. # 14) which the City filed February 17, 2009 be and hereby is **OVERRULED**.

Dated this 16th day of July, 2009 at Kansas City, Kansas.

>    s/ Kathryn H. Vratil
>    KATHRYN H. VRATIL
>    United States District Judge